IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT W. KYGER,

               Civil No. 05-1674-AS

   Petitioner,

           FINDINGS AND RECOMMENDATION

  v.

JEAN HILL,

   Respondent.

   NOEL GREFENSON
   1415 Liberty Street South
   Salem, OR  97302

    Attorney for Petitioner

   HARDY MYERS
   Attorney General
   DENIS M. VANNIER
   Assistant Attorney General
   Department of Justice
   1162 Court Street N.E.
   Salem, OR  97301

    Attorneys for Respondent

ASHMANSKAS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

<u>**BACKGROUND**</u>

In April 2002, a Clackamas County Grand Jury indicted Petitioner on one count of Unlawful Sexual Penetration in the First Degree and three counts of Sexual Abuse in the First Degree. Petitioner waived his right to a jury trial, and began trying his case to the court.  The second morning of trial, Petitioner agreed to plead guilty to Unlawful Sexual Penetration in the First Degree and one count of Sexual Abuse in the First Degree.

The prosecutor told the trial judge that, under the terms of the plea agreement, the state would recommend a total sentence of 111 months in prison, with a 100-month mandatory minimum and credit for good time on the remaining 11 months on the Unlawful Penetration charge, and a concurrent 75-month sentence on the Sexual Abuse charge.  The prosecutor also explained Petitioner would receive 20 years of post-prison supervision, minus time served in prison on the Unlawful Penetration charge, and 10 years of post-prison supervision, again minus time served, on the Sexual Abuse charge.  Petitioner's attorney told the trial judge the prosecutor had correctly outlined the terms of the plea agreement.

The trial judge accepted the state's recommended sentence. Petitioner did not object to the sentence or otherwise indicate his understanding of the plea agreement differed from the court's.

Petitioner did not directly appeal his conviction. He did, however, file a petition for state post-conviction relief ("PCR"). Petitioner alleged, *inter alia*, that trial counsel failed to explain the ramifications of pleading guilty. Specifically, Petitioner claimed he thought he would receive more good time credit and that he would only receive five years of post-prison supervision.

Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed to the Oregon Court of Appeals. His attorney submitted a brief under State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991).[1] Petitioner submitted a Section B, outlining a variety of claims. Petitioner did not, however, claim trial counsel failed to adequately advise him of the nature and ramifications of his plea agreement. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a Balfour brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. Balfour, 311 Or. at 451-52.

review. <u>Kyger v. Blacketter</u>, 200 Or. App. 141, 113 P.3d 990, <u>rev.
denied</u>, 339 Or. 156, 119 P.3d 224 (2005).

On November 3, 2005, Petitioner filed his habeas corpus
petition in this court.   In his Amended Petition for Writ of
Habeas Corpus, Petitioner alleges one claim for relief:

> **Ineffective Assistance of Counsel for Actual Conflict of
> Interest**:  Petitioner's plea of guilty was not knowing,
> voluntary or intelligent in violation of his rights
> under the Sixth and Fourteenth Amendments to the United
> States Constitution.  Petitioner did not appreciate the
> full potential for incarceration contemplated in his
> plea agreement because his counsel failed to adequately
> explain to petitioner the terms of his plea agreement
> and further failed to ensure that petitioner agreed to
> the terms of his agreement with the prosecution.  As
> such, petitioner suffered ineffective assistance of
> counsel in violation of his rights under the Sixth and
> Fourteenth Amendments to the United States Constitution.

Respondent argues Petitioner procedurally defaulted his claim
for relief because it was not included in Section B of his <u>Balfour</u>
brief on appeal to the Oregon Court of Appeals from the denial of
his PCR petition, and was not raised in his petition for review
before the Oregon Supreme Court.   In the alternative, Respondent
argues the PCR trial judge's decision denying relief on this claim
is entitled to deference.

<u>DISCUSSION</u>

I.   <u>Procedural Default</u>

Generally, a state prisoner must exhaust all available state
court remedies either on direct appeal, or through collateral

proceedings, before a federal court may consider granting habeas corpus relief.  See 28 U.S.C. § 2254(b)(1).  In O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999), the Supreme Court explained that "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."

To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  A claim is "fairly presented" if petitioner describes the operative facts and legal theories upon which he bases his claim.  Picard v. Connor, 404 U.S. 270, 275 (1971).  A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered."  Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

A claim that was not, and can no longer be, fairly presented in state court is procedurally defaulted.  O'Sullivan, 526 U.S. at 848.  Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate:  (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice."  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 732 (1991).

5 - FINDINGS AND RECOMMENDATION -

In his Section B to the <u>Balfour</u> brief filed by counsel on appeal from denial of relief in the PCR trial proceeding, Petitioner included the following statement:

> INEFFECTIVE ASSISTANCE OF COUNSEL, BART E. HERRON'S AFFIDAVIT, Claims he had a female investigator to talk to the girls.  On the record there is no OBI no. for Sandra Gilman.  *He also told me to plea guilty and knew a MEASURE 11 conviction the way I was sentenced was unconstitutional.*

Resp. Exh. 116, p. 3 (emphasis added).  Petitioner argues this statement was sufficient to fairly present the claim alleged in this action to the Oregon Court of Appeals.  I disagree.

In his federal habeas petition, Petitioner alleges his trial attorney failed to adequately explain to Petitioner the terms of the plea agreement and failed to ensure Petitioner's guilty plea was knowing, voluntary, or intelligent.  By the statement contained in Section B of his <u>Balfour</u> brief set forth above, Petitioner did not provide any operative facts of this claim to the Oregon Court of Appeals, and therefore did not exhaust it. Because he can no longer do so, the claim is procedurally defaulted.  Petitioner does not argue cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default.

## II.  <u>Relief on the Merits</u>

Even if Petitioner had not procedurally defaulted the single claim alleged in his Petition, the state PCR court's denial of

relief on this claim is entitled to deference.[2]   A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 412 (2000); Ramdass v. Angelone, 530 U.S. 156, 165-66 (2000).  An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably

---

[2]Pursuant to 28 U.S.C. § 2254(2), "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the administrative remedies available in the courts of the state."

refuses to extend the governing legal principle. <u>Williams</u>, 529 U.S. at 412; <u>Ramdass</u>, 530 U.S. at 166.

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. <u>Van Lynn v. Farmon</u>, 347 F.3d 735, 738 (9th Cir. 2003) (citing <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), <u>cert. denied</u>, 541 U.S. 1037 (2004). When the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not <i>de novo</i>. <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000). Instead, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. <u>Id</u>.

The "clearly established Federal law, as determined by the Supreme Court of the United States" at issue in this case is the test for ineffective assistance of counsel claims set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and in <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). Under <u>Strickland</u>, to establish a claim of ineffective assistance of counsel, the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. <u>Strickland</u>, 466 U.S. at 687. In <u>Hill</u>, the Supreme Court adapted the two-part <u>Strickland</u> standard to challenges to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective

assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 57-59.

As noted, Petitioner presented the ineffective assistance of counsel claim alleged in his federal habeas petition to the state PCR trial court.  There, as here, Petitioner based his argument on a discrepancy between what was written on the plea petition signed by Petitioner and the sentence orally recommended by the prosecutor in court, and adopted by the sentencing judge.

The "Petition to Enter a Plea of Guilty" signed by Petitioner summarized the total sentence the prosecution would be recommending as follows:  "111 mos. w/ credit for good time and time served to DOC. 5 yrs PPS."  As noted above, the prosecutor recommended and the sentencing judge imposed a sentence which allowed good-time credit on only 11 months out of the 111-month term of imprisonment, and which imposed a 20-year term of post-prison supervision.  Petitioner argues he entered his guilty plea based on his understanding that good time credit would be available on the entire sentence, and that he would only receive five years of post-prison supervision.

The state PCR trial judge did not issue written findings of fact or conclusions of law addressing Petitioner's claim. Upon review of the record before that court, however, the state PCR trial judge's decision rejecting relief was objectively reasonable. At sentencing, the prosecutor explained the recommended sentence in detail, and Petitioner's attorney agreed. The sentencing judge asked Petitioner whether he discussed the plea agreement with counsel, which he did. When the trial judge announced the sentence, Petitioner made no objection or otherwise indicated his understanding of the plea agreement differed from the court's. Finally, Petitioner never testified, either in his PCR deposition or at the PCR trial, that he would not have pleaded guilty had he known he would receive more than five years of post-prison supervision and be eligible for good-time credits on only part of his sentence. As such, Petitioner never proved that, but for counsel's alleged errors, there is a reasonable probability that he would have insisted on continuing with the trial.

The PCR trial judge's decision denying relief on Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of clearly established federal. Accordingly, the decision is entitled to deference under 28 U.S.C. § 2254(d), and Petitioner is not entitled to federal habeas corpus relief in this court.

10 - FINDINGS AND RECOMMENDATION -

## RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus be DENIED, and that a judgment of DISMISSAL be entered.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due October 5, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  18th  day of September, 2007.


        /s/ Donald C. Ashmanskas
        Donald C. Ashmanskas
        United States Magistrate Judge